# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEWIS MOSS,

    Appellant,

      v.

DEPARTMENT OF DEFENSE,

    Agency.

DOCKET NUMBER
DC-1221-13-0151-W-2

DATE: August 26, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lewis Moss, Kaiserslautern, APO/AE, pro se.

Sally R. Bacon, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal in part for lack of jurisdiction and in part due to res judicata and collateral estoppel. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to vacate the administrative judge's analysis of collateral estoppel. We FIND instead that the appellant has not shown that his June 12, 2008 disclosure was a contributing factor in the agency's decision to take a personnel action against him, and therefore he is not entitled to corrective action. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2     The relevant background information, as recited in the initial decision, is generally undisputed. Effective August 1, 2009, the agency removed the appellant based on a single charge of assault in the workplace. *Moss v. Department of Defense*, MSPB Docket No. DC-1221-13-0151-W-2, Appeal File (W-2 AF), Tab 44, Initial Decision (ID) at 2; *see Moss v. Department of Defense*, MSPB Docket No. DC-0752-09-0823-I-1 (0823 removal appeal), Initial Decision at 3 (Dec. 30, 2009). The appellant filed a Board appeal claiming, among other things, that the removal was in retaliation for whistleblowing. ID at 2. The administrative judge in the 0823 removal appeal sustained the misconduct charge, found that the appellant did not prove any of his affirmative defenses including

reprisal for whistleblowing, and upheld the removal. *Id.* The Board denied the appellant's petition for review. *Id.*

¶3 The appellant subsequently filed an individual right of action (IRA) appeal in which he alleged that, in retaliation for his whistleblowing, the agency took several actions against him, including removal. ID at 2; *Moss v. Department of Defense*, MSPB Docket No. DC-1221-12-0192-W-1 (0192 IRA appeal), Initial Decision at 6 (Jan. 27, 2012). The administrative judge dismissed the 0192 IRA appeal for lack of jurisdiction finding, among other things, that the appellant failed to establish that he sought corrective action from the Office of Special Counsel (OSC) before he appealed to the Board. ID at 2. The Board denied the appellant's petition for review and noted that he was precluded by res judicata from raising claims involving his removal because it already had issued a final decision in that matter. ID at 2-3.

¶4 The appellant subsequently filed this IRA appeal alleging that his removal and other personnel actions were taken in retaliation for filing a March 4, 2008 equal employment opportunity (EEO) complaint and for sending a June 12, 2008 email to the agency's European Region Director. ID at 3. The appeal was dismissed without prejudice and refiled. *Id.*; *see Moss v. Department of Defense*, MSPB Docket No. DC-1221-13-0151-W-1, Initial Appeal File (IAF), Tab 14; W-2 AF, Tab 1. The administrative judge found that the appellant exhausted his administrative remedies with OSC and made nonfrivolous allegations sufficient to establish jurisdiction regarding the alleged personnel actions except the removal action, which was barred by res judicata. ID at 9. The appellant withdrew his hearing request. *Id.* In the initial decision for the IRA appeal, the administrative judge made the following findings: (1) the appellant's retaliation claims stemming from his March 4, 2008 EEO complaint must be dismissed for lack of jurisdiction; (2) his claim that the agency removed him in retaliation for his June 12, 2008 disclosure was barred by res judicata; (3) he was barred by collateral estoppel from relitigating whether he made a protected disclosure on

June 12, 2008; (4) the Board lacks jurisdiction to adjudicate his claim of harmful procedural error in an IRA appeal; and (5) the Board cannot issue or compel a decision on his March 4, 2008 EEO complaint.  ID at 4-13.

¶5    The appellant has filed a petition for review and a supplemental petition. Petition for Review (PFR) File, Tabs 1, 3.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW[2]

¶6    The appellant does not appear to challenge the administrative judge's conclusion regarding harmful error or the Board's authority to compel a decision on his March 2008 EEO complaint, and we affirm these findings.  The appellant, though, appears to challenge all of the administrative judge's remaining conclusions.  PFR File, Tabs 1, 3.

The administrative judge properly determined that the Board lacks jurisdiction over his March 4, 2008 EEO complaint.

¶7    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  As the administrative judge noted in the initial decision, the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, expanded the Board's jurisdiction in IRA appeals to claims arising under 5 U.S.C. § 2302(b)(9)(A)(i) (which involve remedying a violation of section 2302(b)(8)), but not to those claims arising under section 2302(b)(9)(A)(ii) (which do not involve remedying a violation of section 2302(b)(8)).  ID at 4-6; *see* WPEA § 101(b)(1)(A).  We discern no error with the administrative judge's conclusion that the appellant's March 4, 2008 EEO activity was not protected under the law in effect at the time the alleged personnel actions occurred, and the relevant provision of the WPEA is not entitled to retroactive effect.  ID at 4-5; *see Hicks v. Merit Systems Protection*

---

[2] We have reviewed the relevant legislation enacted since the filing of this appeal and find that it does not impact the outcome.

*Board*, [819 F.3d 1318](), 1320 (Fed. Cir. 2016) (stating that "even assuming arguendo that Hicks' claim of reprisal for filing a previous [B]oard appeal falls within the scope of section 2302(b)(9)(A)(i), the WPEA does not apply retroactively to provide the [B]oard with authority to review an agency removal action which occurred more than two decades before its enactment"). Even if the WPEA provision was somehow entitled to retroactive effect, we agree with the administrative judge that the appellant has not nonfrivolously alleged that his March 4, 2008 EEO complaint was intended to remedy a violation of [5 U.S.C. § 2302](b)(8). Indeed, other than generic references to a "race discrimination" complaint, *e.g.*, IAF, Tab 1 at 9, the appellant did not provide any description or summary of his allegations or any persuasive explanation as to how this complaint involved remedying a violation of section 2302(b)(8). In the absence of any such information, we find that the administrative judge properly dismissed this claim for lack of jurisdiction. *See Young v. Merit Systems Protection Board*, [961 F.3d 1323](), 1329 (Fed. Cir. 2020) (stating that "[s]ection 2302(b)(9)(A)(ii), which is not included in the list of prohibited personnel practices for which the Board can issue corrective action, covers retaliation for exercising any appeal, complaint, or grievance right other than one seeking to remedy a violation of section 2302(b)(8)[,] [r]etaliation for filing those other types of complaints is remediable through different mechanisms, and not by an IRA appeal to the Board").

<u>The administrative judge properly determined that the appellant is barred by res judicata from asserting that the removal action was retaliatory.</u>

¶8        Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Peartree v. U.S. Postal Service*, [66 M.S.P.R. 332](), 337 (1995). The appellant argues on review that the

administrative judge's decision in the 0823 removal appeal was not a final decision on the merits, PFR File, Tab 1 at 8-16, but this argument is unavailing. Notably, the Board's Final Order in the 0823 removal appeal was decided on the merits, and it specifically stated that the initial decision was the "final" decision except for minor modifications that were not related to the appellant's claim of reprisal for whistleblowing. *Moss v. Department of Defense*, MSPB Docket No. DC-0752-09-0823-I-1, Final Order at 2 (Jul. 27, 2010). We agree with the administrative judge that the elements of res judicata are satisfied, and the appellant is therefore precluded from challenging the removal action once again in this IRA appeal.[3]

Because the appellant has not proven that his June 12, 2008 disclosure was a contributing factor in the agency's decision to take any of the remaining personnel actions against him, he is not entitled to corrective action.

¶9        After establishing the Board's jurisdiction in an IRA appeal, the appellant must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant makes out a prima facie case, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

¶10        Although the appellant contends that the administrative judge erred in applying collateral estoppel to preclude him from asserting that his June 12, 2008 disclosure was a protected disclosure, PFR File, Tab 1 at 17-22, the Board may analyze the elements of a prima facie case in any order it deems most efficient,

---

[3] Likewise, to the extent that the appellant challenges any of the other findings in the 0823 removal appeal initial decision, *e.g.*, PFR File, Tab 1 at 6-16, the Board already has issued a final decision in that matter, and we will not consider such claims in this IRA appeal.

*see Parikh v. Department of Veterans Affairs*, [116 M.S.P.R. 197](), ¶ 7 (2011). In this case, we find it most efficient to start with contributing factor. One way of proving contributing factor is to show that the official(s) taking the personnel action(s) knew of the disclosure and the personnel action(s) occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action(s). [5 U.S.C. § 1221](e)(1)(A)-(B). The appellant asserted below that the Operation Support Chief, who was also his first-line supervisor, the Deputy Chief, and the Chief, had knowledge of his June 12, 2008 disclosure and were responsible for various personnel actions. W-2 AF, Tab 1 at 8, Tab 6 at 6, Tab 34 at 12-13. For the following reasons, we find that he has not satisfied his prima facie burden in this regard.

¶11 The appellant offers no evidence whatsoever to support his assertion that his first-line supervisor had actual or constructive knowledge of his June 12, 2008 disclosure. The record further reflects that the Deputy Chief was questioned as part of an agency investigation relating to the allegations in his June 12, 2008 email. IAF, Tab 6 at 38-39. However, there is no evidence that the Deputy Chief knew the source of the allegations or even suspected that it was the appellant who made the initial disclosure that led to the investigation.[4] In fact, in the portion of her written statement responding to allegations about unauthorized consumption of alcohol by agency officials, the Deputy Chief explained that she was aware of such an allegation. IAF, Tab 6 at 38. Indeed, the Deputy Chief identified the appellant by name and mentioned that he previously had informed her that the canteen was selling beer, and as a result of learning this information, she briefed all employees and advised them that they were not to buy or consume any alcohol

---

[4] In the 0823 removal appeal, the administrative judge noted that the Deputy Chief was never asked at the hearing if she had any knowledge of the disclosures. *Moss v. Department of Defense*, MSPB Docket No. DC-0752-09-0823-I-1, Initial Decision at 20 (Dec. 30, 2009).

purchased from the canteen, and she directed the canteen not to sell any alcoholic beverages. *Id.* In the absence of any evidence that the appellant's first-line supervisor and/or the Deputy Chief had knowledge of the appellant's June 12, 2008 email disclosure or the allegations contained therein, we need not consider the personnel actions in which they were involved.

¶12    By contrast, the Chief was aware of the appellant's June 12, 2008 email disclosure. IAF, Tab 6 at 41-43. Based on our review of the record and the personnel actions identified by the appellant on review, it appears that the Chief was involved in the decision to relieve the appellant of some of his duties and responsibilities on June 12, 2008, and the decision to remove him. *Id.* at 34-35, 41-43. We already have affirmed the administrative judge's conclusion that the appellant was precluded by res judicata from challenging his removal in this IRA appeal, and we need not consider this personnel action further. Moreover, the appellant is not entitled to corrective action based on the Chief's decision to relieve him of some of his duties and responsibilities on June 12, 2008, because that action was referenced in the email disclosure and could not have occurred as a result of the disclosure. *See Finston v. Health Care Financing Administration*, 83 M.S.P.R. 100, ¶ 5 (1999) (finding that if an agency takes an action before the appellant makes a disclosure, the Board may find that the disclosure was not a contributing factor in the action).[5]

¶13    We have considered the appellant's remaining arguments on review, but none persuade us that a different outcome is warranted. For instance, regarding his assertion that the administrative judge did not consider the entire record, PFR File, Tab 1 at 21, Tab 3 at 5-6, the administrative judge's failure to mention all of

---

[5] In light of this finding, we need not determine whether the administrative judge properly applied collateral estoppel, and we vacate her analysis of this issue in the initial decision. It also is unnecessary to determine whether the agency proved by clear and convincing evidence that it would have taken the actions at issue in the absence of the disclosure. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016).

the evidence of record does not mean that she did not consider it in reaching her decision, *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Additionally, the appellant challenges the administrative judge's statement that he filed an IRA appeal on April 4, 2014.  PFR File, Tab 1 at 23, Tab 3 at 4.  Contrary to his contention, the Board's record in *Moss v. Department of Defense*, MSPB Docket No. DC-1221-14-0567-W-1, reflects that the Washington Regional Office docketed the appellant's submission as an IRA appeal, the administrative judge dismissed the IRA appeal for lack of jurisdiction, and the Board denied the appellant's petition for review.  Even if we assume for the purpose of our analysis that the administrative judge erred, the appellant has not explained how he was prejudiced by any such error.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights does not provide a basis for reversal of the initial decision).

¶14     Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.